UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBY ELBERT,<br>    Defendant, | :<br>:   CRIMINAL ACTION NO.<br>:   3:09-CR-00285 (VLB) |
| v. | :<br>: |
| UNITED STATES OF AMERICA,<br>    Plaintiff. | :   August  21, 2014<br>: |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND FOR
<u>ADDITIONAL SENTENCING REDUCTION [Dkt. 77]</u>**

Currently before the Court is the defendant's motion for reconsideration of his sentence reduction or for an additional sentence reduction.  [Dkt. 77].  For the reasons that follow, the defendant's motion is DENIED.

I.   Background

On January 4, 2011, the defendant pled guilty to a single count of possession with intent to distribute, and distribution of, 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(B).[1]  In the plea agreement, the defendant stipulated to a drug quantity of 13 grams of cocaine base, which the Court accepted for sentencing purposes and which the defendant did not contest.  [Dkt. 45].  The facts setting forth the defendant's offense conduct are contained in the Pre-Sentence Report ("PSR") conducted by the United States

---

[1] Under the Fair Sentencing Act of 2010, this amount of cocaine base would no longer be classified as a § 841(b)(1)(B) offense as the threshold to trigger that provision is now 28 grams or more of cocaine base.

1

Probation office with the assistance and cooperation of the defendant. [Dkt. 9]. Paragraph 6 of the Presentence Report states that "On July 14, 2009, at approximately 5:20 p.m., the CW contacted the defendant by telephone to arrange the purchase of a quantity of cocaine base. The defendant agreed to supply the requested crack cocaine. At approximately 8:14 p.m., the CW met with the defendant in the parking lot at the Meriden shopping mall in Meriden, Connecticut. The defendant gave the CW a plastic bag containing a suspected quantity of cocaine base in exchange for $350.00. Subsequently, laboratory analysis confirmed that the substance provided by the defendant to the CW was cocaine base with a net weight of 6.8 grams. Also on July 27, 2009, the CW purchased 6.2 grams of cocaine base from the defendant in Meriden, in exchange for $370.00. Laboratory analysis confirmed that the substance was cocaine base and that the net weight was 6.2 grams." Based on the defendant's admission that the facts as stated in the Presentence Report were true, the Court found that the Defendant sold to an undercover agent approximately 13 grams of cocaine base, more than the requisite 5 grams.

In summary, the defendant admitted to selling quantifies of crack cocaine to a cooperating witness on two instances in July 2009. Each individual sale involved more than 5 grams of cocaine base and the total was approximately 13 grams. Accordingly, the original base offense level was calculated as 20, but the Government moved and the Court granted a reduction of three levels for the defendant's acceptance of responsibility, resulting in a total adjusted offense level of 17. The defendant's criminal history category was determined to be VI.

Accordingly, the defendant's initial guideline range of imprisonment was 51 to 63 months, which became 60-63 months due to the applicable mandatory minimum period of incarceration prescribed in the statute.  The two-level reduction embracing the 18:1 crack/powder ratio that was the subject of the Guidelines Amendment 750 that went into effect on November 1, 2010 was already factored into the defendant's guidelines range since his sentencing took place after Amendment 750 took effect.

On July 1, 2011, this Court imposed the mandatory minimum sentence by sentencing the defendant to 60 months imprisonment followed by 4 years supervised release.  On November 5, 2012, the Probation Office filed an addendum to the PSR in which it stated that in light of the Supreme Court's decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), the defendant was no longer subject to the mandatory minimum of 60 months, and, therefore, the defendant's advisory guidelines range was reduced to 51-63 months.  That same day, pursuant to 18 U.S.C. § 3582, the defendant filed a motion for reduction of sentence.  Even though the Government requested an extension of time to file an objection to the defendant's motion, no objection was ever filed.  The Court found that the defendant was no longer subject to a mandatory minimum sentence of 60 months because the Fair Sentencing Act of 2010 increased the amount of cocaine base triggering the mandatory minimum 60 month sentence to 28 grams or more of cocaine base retroactively encompassing the date of the Defendant's sentencing.  *Dorsey v. United States*, 132 S. Ct. 2321 (2012).  The Court determined, therefore, that the Defendant qualified under the Fair Sentencing Act

of 2010 to be considered for a sentence modification.  Upon consideration of the factors set forth in 18 U.S.C. §3553(a), on December 16, 2013, the Court granted the motion for a reduction of sentence, absent objection, reducing its sentence to 51 months imprisonment, below the previously but no longer applicable mandatory minimum, but leaving all other aspects of the sentencing intact.

On February 21, 2014, the defendant filed a motion for reconsideration requesting that the Court grant a further sentence reduction in the exercise of its discretion to the guidelines range of 37-46 months.   The basis of the motion was a challenge that the Court misconstrued the law and believed that he was subject to a mandatory minimum sentence of 60 months incarceration.

## II.  Legal Standard

Section 3582(c) of Title 18 of the United States Code limits a District Court's authority to modify a sentence to a limited number of circumstances.  The basis for a reduction here provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . . ."  18 U.S.C. § 3582(c)(2).  The Court also has the power to reduce a sentence when "extraordinary and compelling reasons warrant such a reduction," after considering "the factors set forth in section 3553(a)."  *Id.* at § 3582(c)(1).

**Turning to the motion for reconsideration, although The Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration, Local Rule of Criminal Procedure 1(b) makes motions for reconsideration filed in criminal cases subject to the Local Rule of Civil Procedure governing motions for reconsideration. "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"** *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* **956 F.2d 1245, 1255 (2d Cir.1992) (quoting 18 C. Wright, A. Miller & E. Cooper,** *Federal Practice and Procedure* **§ 4478 at 790). Furthermore, reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," and the standard on a motion for reconsideration is strict.** *Shrader v. CSX Transp. Inc.,* **70 F.3d 255, 257 (2d Cir.1995);** *United States v. Reyes***, No. 3:11cr1(JBA), 2013 WL 789735, at *1 (D. Conn. March 4, 2013) (same). Thus, reconsideration is not warranted where a movant fails to point to controlling decisions or data that the court overlooked that might reasonably be expected to alter the conclusion reached.**

III. **Discussion**

**The defendant in this case was awarded a reduction in his sentence, but now requests that the Court reconsider this decision and order a further reduction. In support of his motion, he states that he did not "plead guilty to fourteen (14) grams of" cocaine base, "even though within the four-corners of the**

executed Plea Agreement offered by the Respondent, Petitioner readily accepted full responsibility for at least five (5) grams or more of crack cocaine." [Dkt. 77, p. 2]. While the Court believes the defendant admitted selling 13 grams of cocaine base to an undercover agent, the defendant admits in his Motion for Reconsideration that he admitted to selling 14 grams of cocaine base.

The grounds raised in the defendant's motion are not permissible grounds as defined in the statute to permit this Court to engage in resentencing. Furthermore, the defendant has already received the full benefit of the reductions enacted under the Fair Sentencing Act of 2010 and for the retroactive effect of *Dorsey*. There has been no additional lowering of the guidelines by the Commission that would give this Court further authority to reduce the defendant's sentence. Under Section 3582, the Court does not have the authority to lower a sentence simply by the exercise of the discretion that the defendant suggests and requests, and the defendant has not cited any persuasive authority supporting his contention that this Court has such power.

Further, even if the Court were to consider this a discretionary matter, which it is legally unable to do, the period of imprisonment of 51 months is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a) and the defendant does not describe any other extraordinary or compelling reasons that warrant a reduction. Under 3553(a), the Court must consider the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as to "afford adequate deterrence to criminal conduct" by the public and "to protect the public

from further crimes of the defendant." An appropriate sentence must also take into account "the history and characteristics of the defendant." See 18 U.S.C. § 3553(a). In the Court's view, a sentence of 51 months followed by a period of supervised release of four years is sufficient, but not greater than necessary to achieve these statutory goals.

First, the offence committed by the defendant was a serious one. As this Court routinely notes in sentencings, drug-related crimes are polluting this state's urban centers, frequently destroying the lives of the victims who become addicted to the illegal substances, and are leading to overall societal and familial decay. Here, distribution of street level quantities of crack cocaine is a serious offense because of the destructive consequences such conduct has for those end users who purchase at the street level and for their families and, ineluctably, the community. The prevalence of crack cocaine in Meriden and violence associated with that trade has been an ongoing problem for a number of years. In 2006, the DEA and FBI conducted a large scale wiretap investigation that resulted in the federal indictment and conviction of 35 individuals that were involved in the distribution of crack cocaine there. By 2008, the problem had reached epidemic level proportions, causing the police to request federal assistance in launching another large-scale investigation. The defendant was one of the individuals targeted for controlled purchases during this investigation. In light of the serious nature of trafficking in Connecticut's urban centers, stringent sentences of imprisonment, particularly as to recidivist offenders, are

necessary to promote respect for the law and to serve as an adequate deterrent for those among the general public contemplating entering the drug trade.

Second, specific deterrence as to this defendant and the need to protect the public from him are even more compelling facts that warrant a substantial sentence in this case. Particularly disturbing in this case is that the defendant's offense conduct is part of a repeated pattern of criminal activity spanning an approximately fifteen-year period between 1995 and 2009. He engaged in this offense conduct after having previously served numerous, substantial periods of time in jail for various different offenses, including multiple felony drug offenses and firearms offenses. Indeed, his most recent offenses only highlight the substantial risk of recidivism that he poses. In 2003, the defendant was convicted of sale of narcotics and received a 42 month prison term to run concurrent with other periods that were imposed upon him for other offenses. He was released to parole on August 11, 2005, but was returned on new drug charges within a month. He was convicted of sale of narcotics on October 16, 2006 and received a three-year jail term. On May 5, 2009, he was discharged from parole. Within two months, however, the defendant committed the offense conduct at issue in this case. By the age of 27, the defendant accumulated 15 criminal history points, sufficient to place him in criminal history category VI under the Guidelines. The sentences imposed thus far have been insufficient to deter the defendant from repeated involvement in drug trafficking and other criminal activity. A more stringent sentence than those previously given is therefore required.

**Finally, the defendant fails to cite any controlling decisions or data that the Court overlooked, and the Court did not overlook any fact of controlling law that would have altered the outcome of the defendant's motion for a sentence modification. The Court modified his sentence to below the no longer applicable mandatory minimum, ineluctably evincing an understanding of the fact that the Fair Sentencing Act of 2010 rescinded the mandatory minimum sentence that existed at the time of the original sentencing. In addition, this Court routinely recites the well-known maxim that the Sentencing Guidelines are advisory, must be calculated and considered, but are not binding on the Court, and that the sentence imposed must be one which is sufficient but not greater than that necessary in the Court's view to fulfill the purposes of sentencing set forth in 18 U.S.C. §3553 pursuant to the parsimony clause. Accordingly, the Court preciously considered the Fair Sentencing Act of 2010 and imposed a sentence within its power that reflected that there was no applicable mandatory minimum, that the sentencing guidelines were not mandatory, and that the sentence imposed was sufficient but not greater than that necessary to fulfill the purposes of sentencing taking into consideration the Section 3553(a) factors.**

 **IV.   Conclusion**

**In conclusion, there is a substantial likelihood that this defendant will return to drug trafficking if he does not face a substantial term of imprisonment in this matter. Given his history of recidivism and the general nature of the deteriorating effects of drug sales to the community, a 51 month sentence, at the bottom of the applicable guidelines range, represents a proportional escalation**

9

relative to previous terms of imprisonment that have been imposed on the defendant and is sufficient, but not greater than necessary, to serve the purposes set forth in 18 U.S.C. § 3553(a).  The defendant's motion, therefore is DENIED.

      IT IS SO ORDERED.

                                                  /s/
                                  Hon. Vanessa L. Bryant
                                  United States District Judge

Dated at Hartford, Connecticut: August 21, 2014